## WILLIAMS v. THOMPSON.

Third Division. Valdez. March 24, 1927.

No. A–469.

1. **Homestead** ☞214—**One objecting to confirmation of sale of attached real estate, claiming homestead, must prove that property was homestead (Code, § 1104).**

On defendant's objections to confirmation of sale of real estate attached in action on note, on ground that property was homestead under Code, § 1104, defendant must make proof of facts alleged before homestead right can be recognized, since mere setting up of claim does not demonstrate claimant's right.

☞See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Homestead ⊚⇒37—One need not live continuously on land claimed as homestead.**

That defendant, claiming certain land as homestead, had been living on other property, will not bar right claimed, since it is not necessary for person to live continuously on his homestead.

**3. Attachment ⊚⇒201—Purchaser at sale of attached real estate is entitled to possession.**

Purchaser at sale of real estate attached in action on note is entitled to possession.

**4. Homestead ⊚⇒209—Defendant, whose property was attached and sold, may claim homestead right after purchaser takes possession, by action of ejectment or suit to quiet title.**

Where purchaser at sale of real estate attached in action on note takes possession, defendant in such action may raise question of homestead right in property, either by action of ejectment or suit to quiet title.

**5. Homestead ⊚⇒209—Defendant, claiming homestead right in land attached and sold, may sue to enjoin issuance of deed to purchaser after expiration of time for redemption.**

Where purchaser at sale of real estate attached in action on note takes possession, defendant in such action, claiming homestead, may sue to obtain perpetual injunction to prevent marshal from issuing deed to purchaser after expiration of time for redemption.

**6. Homestead ⊚⇒186—Confirmation of sale of attached real estate does not bar owner from asserting homestead right.**

Confirmation of sale of real estate attached in action on note does not bar defendant from assertion of homestead right in property sold.

Action by D. H. Williams against Mary E. Thompson, in which certain real property was attached and sold. On motion for confirmation of sale. Confirmation allowed, without prejudice to defendant's right to make proof of homestead exemption.

Thos. C. Price, of Anchorage, for plaintiff.
W. H. Rager, of Anchorage, for defendant.

RITCHIE, District Judge. Plaintiff in this action sued defendant on a promissory note and attached real property in the town of Anchorage, Alaska. Defendant failed to appear in the action and judgment by default was entered, directing sale of the attached property. Prior to the sale defendant served notice on the United States marshal that she claimed the prop-

⊚⇒See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

erty as a homestead. At the sale the marshal made announcement that defendant claimed the property as her homestead, but proceeded with the sale. The property was bid in by the judgment creditor. The matter comes before the court now upon plaintiff's motion for an order confirming the sale to him, to which motion defendant files objections, repeating her claim that the property in question is the homestead of herself and family, and therefore exempt from judicial sale, and referring to her claim of exemption presented to the marshal before sale.

The sale was made December 8, 1925, and return of the sale was made December 15, 1925. At that time there was an existing term of court at Anchorage. The next term of court at Anchorage convened June 22, 1926. Defendant's objections to confirmation of the sale were served on plaintiff's attorney June 23, 1926, and filed with the clerk of the court June 30, 1926. The objections, therefore, were not filed within the time provided in section 1115, Alaska Code, which provides that, if an execution be returned in term time, objections shall be filed within five days after the return; and, if the return is not filed in term time, the objections must be filed ten days before the next term. Defendant in this case failed to comply with either requirement as to time.

The proposed confirmation and the objections thereto were argued before the court at Anchorage in November, 1926. Notwithstanding the failure of defendant to file her objections within the statutory time, I am disposed to consider them.

Defendant's claim of a homestead exemption was duly made in accordance with the provisions of 1104 of the Code. This section provides that:

"When any officer shall levy upon such homestead, the owner thereof, or the wife, husband, agent, or attorney of such owner, may notify such officer that he claims such premises as his homestead."

But it provides no method of proving the claim by any judicial proceeding. The court is obliged to determine, therefore, whether merely setting up the claim demonstrates the right of the claimant. It does not seem reasonable to me that it was the legislative intent to make the bare assertion of a homestead right conclusive, either on the parties or the court. If that were true, any person could set up a wholly false claim

of homestead right, and the court would have no jurisdiction to establish the fraud.

In this case it seems probable, from several papers in the record, that the defendant was living at McKinley Park at the time action was brought and when she presented her homestead right. The record states that she was served with summons at McKinley Park, and her claim of homestead right was acknowledged before a notary public who gives his residence as McKinley Park. The fact that she was living at McKinley Park, if true, would not bar her right, since it is not necessary for a person to live continuously on his homestead; but the fact of her absence suggests, at least, the possibility that the property was not her homestead. Before her homestead right can be recognized, it seems to me she ought to be put upon proof of the facts.

I think the best way to dispose of the issue is to allow the confirmation of sale without prejudice to the defendant's right hereafter to make proof of her homestead exemption by any proceeding within the jurisdiction of the court. Under the law, the purchaser at the sale is entitled to possession. If the purchaser in this case has taken possession, or does so hereafter, defendant can raise the question of her homestead right, either by an action of ejectment or suit to quiet title. She may also sue to obtain a perpetual injunction to prevent the marshal from issuing deed to purchaser after the expiration of the time for redemption. Confirmation of the sale, which appears to have been regular, does not bar her from the assertion of her homestead right, if it exists.